**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRUCE DELLERE, 39587-177,** | § | |
| **Petitioner,** | § | |
| | § | **3:12-CV-1167-N** |
| **v.** | § | **3:09-CR-0307-N** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Pursuant to a written plea agreement, Petitioner pled guilty to transporting child pornography and possessing child pornography. On March 1, 2010, the Court sentenced him to an aggregate term of 224 months in prison. Petitioner filed an appeal with the Fifth Circuit Court of Appeals, where his attorney filed an *Anders* brief. On January 20, 2011, the Fifth Circuit dismissed the appeal. *United States v. Dellere*, No. 10-10238 (5th Cir. 2011) (per curiam) (unpublished).

On March 20, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.

1.      He argues he received ineffective assistance of counsel when:

   A.      Counsel refused to allow Petitioner to have access to discovery;

      B.      Counsel failed to investigate unlawful searches and a suppression of evidence defense;

      C.      Counsel failed to challenge evidence obtained in violation of Petitioner's *Miranda* rights;

      D.      Counsel failed to properly investigate the case and interview witnesses;

      E.      Counsel denied Petitioner the opportunity to review the PSI;

      F.      Counsel failed to argue for a lower sentence by arguing that Petitioner never assaulted any children; and

2.      As a result of his counsel's ineffectiveness, Petitioner's guilty plea was involuntary.

On October 30, 2012, Petitioner filed a reply to the government's answer.  In his reply, Petitioner raised the new claims that:

1.      His guilty plea was involuntary because the government withheld Petitioner's insulin kit;

2.      Counsel was ineffective because he failed to challenge the sentencing enhancements under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and

3.      The Plano Police Department had no jurisdiction or authority "to take control of the consent to search and in the investigation and forensic examination of the evidence."

## II.  Factual Background

The following factual background is taken from Petitioner's factual resume and the PSI. In July 2006, Petitioner initiated an online chat with an undercover police officer in

Australia, and he told the officer during that discussion that he had molested children.  He also sent the officer child pornography images using his screen name "stingray."  Once Australian investigators identified Petitioner's internet protocol address, which revealed that he was in the United States, they alerted the FBI.

On September 28, 2007, FBI Special Agent D. Michaels and Task Force Officer ("TFO") J. Rich went to Petitioner's home and made contact with his adult brother, William Norton. Norton told them that Petitioner was at work, and he advised them that there was a computer in the living room and another in Petitioner's bedroom.  From the hallway, TFO Rich looked into Petitioner's bedroom and observed that Petitioner's computer was on and displayed a user name "stingray1."

Investigators contacted Petitioner at work by phone and asked if he could return home on a break and speak to them.  When he arrived home, Petitioner hurried into his house without speaking to the investigators who were waiting outside.  A couple of minutes later, Petitioner's mother answered the door and investigators were able to talk to Petitioner.

Petitioner became very nervous after the investigators explained the nature of their investigation and asked whether he possessed child pornography on his computer.  Petitioner stated he had never seen any child pornography on his computer.  He told investigators he had engaged in internet chat and used screen names consistent with "stingray1961" and "stingray1," and he said no one else knew the password to his computer.

The investigators asked if Petitioner would show them his computer, and he led them to his bedroom.  When he turned on his monitor, investigators saw that his computer was running a defragmenting program.  Petitioner then provided verbal and written consent to search his

computer.  The investigators also advised him of his *Miranda* rights at that time.  An initial search of the computer uncovered 15 images of child pornography.  During the interview with investigators, Petitioner stated he could not explain how images that had been sent to the Australian officer were found on his computer, and he also denied that he accessed his computer before investigators came inside the house to speak to him.

A forensic analysis of Petitioner's computer uncovered evidence that he maintained a desktop folder for downloading and storing child pornography.  Analysis also revealed that he engaged in a large number of internet chat sessions about sadistic and masochistic acts he purportedly performed on children and that he sent child pornography to others online.  When he was online, Petitioner claimed to have molested an eleven-year-old and a four-year-old.  The computer examiner uncovered 1,730 images of child pornography and two videos.

In his factual resume, Petitioner admitted having sent child pornography via the internet and knowingly possessing child pornography.  He also admitted he sent two images of child pornography to the officer in Australia and that he traded hundreds of other images to others in online chats.  He stipulated that he amassed a collection of child pornography that included well over 600 images, including images of sadistic, masochistic, or other violent images involving minors.  He also admitted that, in an attempt to delete files, he started a defragmentation program on his computer when he came home to meet with investigators.

### III.  Discussion

**1.      Guilty Plea**

In this case, Petitioner argues his guilty plea was involuntary due to the ineffective assistance of counsel.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows that Petitioner knowingly and voluntarily entered his guilty plea.  During the plea hearing, Petitioner stated he understood the charges against him and that he discussed with his attorney how the sentencing guidelines might apply to his case.  (Plea Tr. at 6,10.)  Petitioner admitted he committed the essential elements of each offense.  (*Id*. at 11.)  The

Page 5

Court informed him of the range of punishment for each offense, and Petitioner stated he understood the range of punishment. (*Id*. at 14.) He stated he read both the plea agreement and factual resume before he signed each document. (*Id*. at 11-12, 16.) He stated he was voluntarily entering his guilty plea. (*Id*. at 12.) Petitioner has failed to show he did not knowingly and voluntarily enter his guilty plea.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range

of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56

(1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by

establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty

but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

A.     **Waived Claims**

Petitioner argues he received ineffective assistance of counsel when counsel failed to

properly investigate the case, failed to file a motion to suppress evidence, failed to provide him

access to discovery and failed to interview witnesses.

Ineffective assistance of counsel claims are waived by a voluntary and intelligent guilty

plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the

guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims do not relate

to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel

for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and

failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty

plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb.

17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an

independent investigation into the facts of his case, to file pretrial motions, and to interview key

state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are

non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563,

573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb.

10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with

the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file

pretrial motions.").  These claims should therefore be denied.

       **B.**     **Sentencing Claims**

       Petitioner argues his counsel was ineffective because he denied Petitioner the opportunity to review the PSR and he failed to argue for a lower sentence.

       The record shows that during the sentencing hearing, Petitioner informed the Court that he had not reviewed the PSR.  (Sent. Tr. at 2-3.)  The Court provided Petitioner a copy of the PSR to review.  (*Id*. at 3.)  The Court also informed Petitioner that the sentencing hearing could be continued to another time if he needed additional time to review the PSR.  (*Id*.)  The defense stated it did not need to continue the sentencing hearing.  (*Id*.)  Petitioner therefore had an opportunity to review the PSR and could have continued the sentencing hearing if he wanted to do so.  Petitioner has also failed to show how he was prejudiced by his counsel's actions.  This claim should be denied.

       Petitioner claims his counsel failed to argue in favor of a lower sentence by arguing that Petitioner never assaulted any children.  He cites the Court's statements at the sentencing hearing questioning whether Petitioner actually assaulted children, or whether Petitioner's online statements that he assaulted children were only statements of fantasy.  Petitioner claims his counsel did not sufficiently respond to this questioning.  Counsel, however, argued that Petitioner did not sexually assault any children.  (Sent. Tr. at 6, 18.)  The Court determined that there was no evidence that Petitioner sexually assaulted children.  (*Id*. at 18.)  Petitioner's claim is without merit and should be denied.

**3.**     **Reply**

       Petitioner raises new claims in his reply that he did not include in his original petition.  In

his reply, Petitioner argues: (1) his guilty plea was involuntary because the government withheld his insulin kit; (2) counsel was ineffective because he failed to challenge the sentencing enhancements under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) the Plano Police Department had no jurisdiction or authority "to take control of the consent to search and in the investigation and forensic examination of the evidence."

The new claims are barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").  The statute provides that the limitations period shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final.  *See* 28 U.S.C. § 2255 (1).  On January 20, 2011, the Fifth Circuit dismissed Petitioner's appeal. Petitioner's conviction became final ninety days later on April 20, 2011.  *See* Sup. Ct. R. 13. Petitioner then had one year, or until April 20, 2012, to file his § 2255 claims.  He did not file the claims in his reply until October 30, 2012.

Further, the claims in Petitioner's reply do not relate back to the filing of his original petition. Under Federal Rule of Civil Procedure 15, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(b) (2013 West).

The claims in Petitioner's reply do not share a commonality with the claims raised in the original petition. Such commonality must be something more than the fact that they occurred during the same trial and court proceedings. *See Rodriguez v. United States*, 286 F.3d 972, 981 (7th Cir. 2002) (citations omitted) (finding "that an untimely § 2255 claim will not 'relate back' under Rule 15(c) unless the claim has 'more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.'"); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000) (finding ineffective assistance claims do not relate back merely because they arose from the same trial or sentencing proceeding); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (rejecting defendant's argument that his new claims should relate back because the "'occurrence' for purposes of Rule 15(c) should be the entire trial and sentencing proceeding . . . ."); *Hanna v. United States*, Nos. 3:01-CV-2197-H, 3:99-CR-085-H, 2003 WL 203177 (N.D. Tex. Jan. 27, 2003) (finding Petitioner's new claim of ineffective assistance of counsel did not relate back to her original pleading). As the Seventh Circuit has noted, the "circuits have been uniform in their denial of amendments that would add a new claim or theory of relief." *Rodriguez,* 286 F.3d at 981.

The claims in Petitioner's reply do not simply supplement or amplify the facts already alleged. The reply attempts to introduce new legal theories on facts different than those

underlying the original claims.  "A prisoner should not be able to assert a claim otherwise barred

by the statute of limitations merely because he asserted a separate claim within the limitations

period."  *United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999).  In this case, the claims in

Petitioner's reply do not relate back to the filing of his original petition.  The claims are therefore

untimely and Petitioner has not shown show rare and exceptional circumstances justifying

equitable tolling in this case.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that: (1) the claims in Petitioner's

original motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied;

and (2) the claims in Petitioner's reply be dismissed as barred by the statute of limitations.

Signed this 3rd day of July, 2013.

_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**
A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).