U.S. DISTRICT COURT
FILED

JUL - 5 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DELLERE, 39587-177, | § | |
| **Petitioner,** | § | |
| | § | **3:12-CV-1167-N** |
| v. | § | **3:09-CR-0307-N** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I.  Procedural Background

Before the Court is Petitioner's motion to reinstate his original habeas corpus petition filed pursuant to 28 U.S.C. § 2255. The Court finds the motion should be construed as a successive § 2255 petition.

Pursuant to a written plea agreement, Petitioner pled guilty to transporting child pornography and possessing child pornography. On March 1, 2010, the Court sentenced him to an aggregate term of 224 months in prison. Petitioner filed an appeal with the Fifth Circuit Court of Appeals, where his attorney filed an *Anders* brief. On January 20, 2011, the Fifth Circuit dismissed the appeal. *United States v. Dellere*, No. 10-10238 (5th Cir. 2011) (per curiam) (unpublished).

On March 20, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28

Page 1

U.S.C. § 2255. On October 15, 2013, the Court denied some claims on the merits and dismissed other claims as time-barred.

On October 27, 2014, Petitioner's filed a motion to set aside judgment under Fed. R. Civ. P. 60(b). The district court construed the motion as a successive § 2255 petition and transferred the petition to the Fifth Circuit Court of Appeals. Petitioner appealed and on September 15, 2015, the Fifth Circuit affirmed. *Dellere v. United States*, No. 15-10132 (5th Cir. Sept. 15, 2015).

On May 27, 2016, Petitioner filed the instant motion to reopen his § 2255 petition. He argues that certain claims were not time-barred and that he has new evidence to support his claims.

## II. Discussion

Petitioner seeks to attack his criminal judgment and sentence, the Court should therefore recharacterize the pleading as a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III. Recommendation

The Court hereby recommends that Petitioner's May 27, 2016, motion to reopen his original § 2255 petition be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and that the Clerk of Court be directed to open a new civil action pursuant to § 2255 (nature of suit 510), with direct assignment to District Judge Godbey and Magistrate Judge Stickney. The Court also recommends that the § 2255 motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this ___ day of _____, 2016.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).